**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | \| | |
| **Plaintiff,** | \| | **INDICTMENT NO.:** |
| | \| | **1:10-CR-162-RWS-RGV-3** |
| v. | \| | |
| | \| | |
| **JACQUES DEGAULE,** | \| | |
| **Defendant** | \| | |

## DEFENDANT'S SUPPLEMENT TO HIS MOTION TO SUPPRESS INTERCEPTED COMMUNICATIONS

COMES NOW Defendant above-named, by and through undersigned counsel, and files this, his Supplement to His Motion to Suppress Intercepted Communications. In support of this Motion, Defendant shows as follows:

*Defendant hereby incorporates by reference the arguments set forth in his "Motion to Suppress Intercepted Communications" into his present motion.*

### STATEMENT OF FACTS

On November 23, 2009, Assistant United States Attorney Michael F. Smith filed an "Application for Interception of Wire Communications on Target Telephone 1" as part of the Drug Enforcement Agency's investigation into the alleged drug trafficking organization led by Jiles Johnson. "Target Telephone 1" (hereafter referred to as "TT1") was a U.S. Sprint cellular telephone assigned the number (678)414-5114 and subscribed to Shannon Johnson, the wife of Jiles Johnson.

(""Application for Interception of Wire Communications on Target Telephone 1" at paragraph 2)

As part and parcel of the government's application, it was further requested that GPS tracking information related to TT1 be provided. Specifically, the government's Application read as follows:

> 3. IT IS FURTHER REQUESTED, pursuant to Federal Rule of Criminal Procedure 41, that the Court issue an Order authorizing agents of the Drug Enforcement Administration (DEA) to ascertain the physical location of the TARGET PHONE 1, including but not limited to E-911 Phase II data or other precise location information concerning the TARGET PHONE (the "Requested Location Information"), during the authorized period of interception. As explained in more detail in the Affidavit, there is probable cause to believe that the location of TARGET PHONE 1 during that period will constitute or lead to evidence of the SUBJECT OFFENSES.
>
> 4. IT IS FURTHER REQUESTED that the Court direct U.S. Sprint to disclose the Requested Location information concerning the TARGET PHONE 1 during the authorized period of interception, and to initiate a signal to determine the location of the TARGET PHONE 1 on the service provider's network or with such other reference point as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the information, facilities and technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the TARGET PHONE 1, at any time of the day or night, owing to the potential need to locate the TARGET PHONE outside of daytime hours.

(Application at ¶¶3-4)

The wiretap application and authorization in the present matter contained a provision allowing law enforcement officers to determine the geographical location of the tapped phone by use of the phone's connection to the Global Positioning System (GPS). The seizure of such prospective cell site data from the cellular service provider changes the cell phone from a mere phone into a tracking device as defined by 18 U.S.C. § 3117(a). The portion of the wiretap authorization allowing the interception of data giving the position of the cell phones in the present case, as well as any information derived therefrom constitutes an illegal search, and therefore must be suppressed.

**ARGUMENT AND CITATION OF AUTHORITY**

**I. The seizure of GPS location data is not authorized by Title III**

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 has no provisions for the interception of the type of information sought by the wiretap applications in the present case. Warrants for the use of pen register or trap/trace devices and authorizations for the interception of phone communications do not cover global positioning information or cell site data. Pen register/trap devices can only collect call-identifying information (i.e. incoming and outgoing numbers) and the information gathered cannot

"include any information that may disclose the physical location of the subscriber (except to the extent that the location may be determined from the telephone number)". 47 U.S.C. § 1002(a)(2)(B).

Furthermore, cell site data and global positioning information are not communications as considered by the Wiretap Act, 18 U.S.C. § 2510 (8), which defines "contents" as "with respect to any wire, oral, or electronic communication, any information concerning the substance, purport, or meaning of that communication". This definition does not include cell site or GPS data, nor is such data covered under subscriber records as defined under 18 U.S.C. § 2703 (c). Time and time again, warrant applications seeking cell site data have been consistently denied. See <u>In re Application for Pen Regsiter and Tap/Trace Device with Cell Site Location Authority</u>, 396 F.Supp.2d. 747 (S.D. Texas, 2005); <u>In the Matter of an Application of the United States for an Order (1) Authorizing the Use of a Pen Register and a Trap and Trace Device an (2) Authorizing Release of Subscriber Information and/or Cell Site Information</u>, 384 F. Supp. 2d 562 (E.D.N.Y. 2005), reconsideration denied, 396 F. Supp. 2d 294 (E.D.N.Y. 2005); <u>In the Matter of the Application of the United States of America for an Order</u>

<u>Authorizing the Disclosure of Prospective Cell Site Information</u>, 412 F. Supp. 2d 947 (E.D. Wisconsin, 2006).

Each of these decisions points to the fact that cell site data is not covered under any statute regarding electronic surveillance by law enforcement officers, and therefore denied each warrant application.

In the present case, wiretap applications seeking this type of cell site data were granted, despite the absence of any statutory authority under Title III.  Therefore, the authorizations were issued in error and any evidence stemming from these erroneous authorizations must be suppressed per the Fourth Amendment's exclusionary rule, as the information obtained falls outside of the scope of Title III.

**II. The request to "ping" TT1 in order to ascertain its location violates Defendant's Fourth Amendment rights.**

Defendant's Fourth Amendment right against unreasonable searches and seizures was violated by the request to ping TT1 as a means of determining the phone's location. As the United States Supreme Court held in <u>United States v. Karo</u>, 468 U.S. 705 (1984), a case in which the government was using a wireless tracking device to confirm the location of Defendant, "All individuals have a legitimate expectation of privacy that objects coming into their rightful ownership do not… give law enforcement agents the opportunity to monitor

[their] location… inside private residences and other areas where the right to be free from warrantless governmental intrusion is unquestioned." Id., 468 U.S. at 711.

In context of cell phone GPS tracking via a "ping", a phenomenon that was not technologically possible at the time of the Karo decision, a number of courts and scholars have held not only that traditional Fourth Amendment principles apply, but they also require law enforcement to obtain a warrant supported by probable cause before being authorized to request such information from a cell phone company. See In the Matter of the Application of the United States of America for an Order Directing a Provider of Electronic Communications Service to Disclose Records to the Government, 534 F.Supp.2d 585, 610 (W.D. Pa 2008)(holding that the "pinging" of a cell phone at the request of law enforcement to identify the location of its owner implicates an individual's 4th amendment right to a reasonable expectation of privacy and thus requires a warrant supported by probable cause.); In Re Application For Pen Register and Trap/Trace Device with Cell Site Location Authority, 396 F. Supp. 2d 747 (S.D. Texas, 2005); In the Matter of Application of the United States for an Order Authorizing Pen Register and Trap and Trace Device and Release of Subscriber Information, 384 F. Supp. 2d 562 (E.D.N.Y. Aug. 25, 2005); Who Knows Where

<u>You've Been? Privacy Concerns Regarding the use Of Cellular Phones as Personal Locators</u>, 18 Harv. J. Law & Tech, 307 (2004); <u>United States v. Forrest</u>, 355 F.3d 942, 949 (6th Cir. 2004).<u>United States v. Mixon</u>, 717 F. Supp. 1169 (E.D. La.), aff'd, 891 F.2d 904 (5th Cir. 1989); and <u>In re Application for Tracking Devices on a White Ford Truck</u>, 155 F.R.D. 401, 403 (D. Mass. 1994).

Further support for Defendant's position can be found in <u>United States v. Forest</u>, 355 F.3d. 942 (6th Cir. 2004). There, government agents "pinged" a defendant's phone (meaning they placed a call to the phone that would not cause the phone to ring) in order to cause the phone to send out a signal to a cell phone tower and thereby allow law enforcement officials to learn of the approximate position of the phone holder.  This case was distinguished from <u>Smith v. Maryland</u>, 442 U.S. 735 (1979), where the Supreme Court held that one does not have an expectation of privacy in numbers one dials, in that the signals intercepted by law enforcement were not voluntarily transmitted by the defendant.  The court in <u>Forest</u> found this argument to be persuasive, but held that since the defendant had no legitimate expectation of privacy in his movements along public highways, no Fourth Amendment search occurred and therefore the exclusionary rule did not apply.  <u>Forest</u> at 951–2.

Any use of the GPS information illegally obtained pursuant to the wiretap order falls beyond the scope of the Fourth Amendment protections of an individual with respect to his expectation of privacy.  Accordingly, because Defendant's Fourth Amendment rights were violated by the conducting of a warrantless ping in order to determine the location of TT1, that search and all fruits thereof should be suppressed.

## **CONCLUSION**

**WHEREFORE,** Defendant moves this Court to suppress the use of any and all evidence obtained as a result of any GPS location data or information derived from the "pinging" of TT1 and the fruits thereof, Wong Sun v. United States, 371 U.S. 471 (1963), as they were obtained contrary to the provisions of 18 U.S.C. §2510 *et seq.* and in violation of the Defendant's rights under the Fourth Amendment of the United States Constitution.

This 24th day of August, 2010.

                                                Respectfully Submitted,

                                                s/L. David Wolfe
                                                L. David Wolfe, P.C.
                                                Georgia Bar No.: 773325
                                                Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | INDICTMENT NO.: |
| | 1:10-CR-162-RWS-RGV-3 |
| v. | |
| **JACQUES DEGAULE,** | |
| **Defendant,** | |

**CERTIFICATE OF CONFERMENT WITHOUT RESOLUTION**

This is to certify that I have conferred with A.U.S.A. Michael Smith regarding the subject matter involved in this motion and we have failed to come to a resolution.

This 24th day of August, 2010.

                                                               s/ L. David Wolfe
                                                               L. David Wolfe, P.C.
                                                               Georgia Bar No. 773325
                                                               Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | \| | |
| **Plaintiff,** | \| | INDICTMENT NO.: |
| | \| | 1:10-CR-162-RWS-RGV-3 |
| v. | \| | |
| | \| | |
| **JACQUES DEGAULE,** | \| | |
| **Defendant,** | \| | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing **Defendant's Supplement to His Motion to Suppress Intercepted Communications** by electronically filing with the Clerk of the Court by using CM/ECF, which will automatically send email notification of such filing to the following:

**Michael Smith**
Assistant United States Attorney
600 U.S. Courthouse
75 Spring St.
Atlanta, GA 30303

This 24th day of August, 2010.

s/ L. David Wolfe
L. David Wolfe, P.C.
Georgia Bar No. 773325
Attorney for Defendant
profldwolfe@aol.com