**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:10-CR-0162-03-RWS |
| JACQUES DEGAULE, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This case is before the Court for consideration of the Report and Recommendation ("R&R") [294] of Magistrate Judge Russell G. Vineyard. After reviewing the Report and Recommendation and Defendant's Objections [303] thereto, the Court enters the following Order.

In his Objections to the R&R, Defendant asserts that the agents exceeded the scope of consent to search given by Defendant and seized items without probable cause to believe that those items were contraband or evidence of a crime. Defendant contends that he only consented to a search for particular items identified by the agents; i.e., documents that were, in Defendant's mind, related to J. Johnson. The Court finds that such a conclusion is not supported

by the evidence. The R&R reviews the events related to Defendant's consent to search. This Court concurs in the conclusion in the R&R that Defendant gave a general consent to search and that his actions were consistent with that general consent. Further, the evidence shows that Defendant consented to the seizure of the items taken by agents. Therefore, Defendant's Objections on these grounds are **OVERRULED**.

Defendant also asserts that he invoked his right to remain silent, and the agents did not honor his invocation. The basis for Defendant's contention is that the agents did not complete the papers that Defendant gave them before questioning him. Defendant argues that the completion of the papers was a condition precedent to Defendant being interviewed. Such was clearly not the case. Defendant knew the agents had not completed the papers and yet consented to be interviewed and, in fact, was interviewed. Thus, Defendant did not treat the completion of the papers as a condition precedent to his giving an interview. Therefore, the conclusion in the Report and Recommendation that Defendant was advised of his <u>Miranda</u> rights and voluntarily waived those rights is correct.

Based on the foregoing, the Report and Recommendation is received with approval and adopted as the Opinion and Order of this Court.  Accordingly, Defendant Degaule's Motion to Suppress Intercepted Communications [144] and Motions to Suppress Evidence and Statements [146 and 206] are **DENIED**.

**SO ORDERED** this  24th  day of June, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)